# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 10, 2017

James N. Hatten
Richard B. Russell Bldg & US Courthouse
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 17-11300-EE
Case Style: Michael Daugherty, et al v. Joel Adams, et al
District Court Docket No: 1:16-cv-02480-LMM

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Elora Jackson, EE/lt
Phone #: (404) 335-6173

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 17-11300-EE

MICHAEL J. DAUGHERTY,
LABMD, INC.

                                                              Plaintiffs-Appellants,

versus

JOEL P. ADAMS,
DAVID J. BECKER,
ROBERT J. BOBACK,
ANJU S. CHOPRA,
WESLEY K. CLARK, SR.,
ERIC D. KLINE,
PEPPER HAMILTON, LLP,
TIVERSA HOLDING CORP.,
MORGAN, LEWIS AND BROCKIUS, LLP,
M. ERIC JOHNSON,
TRUSTEES OF DARTMOUTH COLLEGE,

                                                              Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

Before: WILLIAM PRYOR, MARTIN and JORDAN, Circuit Judges.

BY THE COURT:

Pepper Hamilton, LLP's motion to dismiss this appeal is GRANTED. The appellants seek review of the district court's March 22, 2017 order transferring the case to the Western District of Pennsylvania. This is not a final order, nor is it appealable under the collateral order doctrine, because the transfer order is deemed to be effectively reviewable in an appeal from the

final judgment. *See* 28 U.S.C. § 1291; *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009); *Dobard v. Johnson*, 749 F.2d 1503, 1506-07 (11th Cir. 1985); *Middlebrooks v. Smith*, 735 F.2d 431, 432-33 (11th Cir. 1984); *Stelly v. Emp'rs Nat'l Ins. Co.*, 431 F.2d 1251, 1252-53 (5th Cir. 1970).

The fact that the district court relied on its previous conclusion regarding Tiversa Holding Corp.'s alleged fraud on the court does not change this analysis. The plaintiffs are currently seeking review of that order in this Court in Case No. 17-11274. If we or the district court reverse the orders on the plaintiffs' Rule 60(d)(3) motion, the plaintiffs may seek to transfer the case back from the Western District of Pennsylvania, which, given its previous rulings in that case, has deferred resolution of the matter to the district court and us. In addition, none of the plaintiffs' other arguments in their response to our jurisdictional question, such as the alleged disparity in impact between the two statutes of limitations, have an effect on this Court's jurisdictional analysis as they do not change the fact that the transfer order is considered reviewable upon a final judgment. *See Schair*, 744 F.3d at 1252-53; *Dobard*, 749 F.2d at 1506-07; *Middlebrooks*, 735 F.2d at 432-33.

Any other outstanding motions are DENIED as moot.